IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NOS. 1:06-CR-337-CC |
| CHRISTOPHER STOUFFLET | : | 1:08-CR-082-CC |

## GOVERNMENT'S MOTION FOR DETENTION

Comes now the United States of America, by and through its counsel, Sally Quillian Yates, Acting United States Attorney, and Randy S. Chartash and Lawrence R. Sommerfeld, Assistant United States Attorneys for the Northern District of Georgia, and pursuant to 18 U.S.C. § 3143(a) moves for detention for the above-captioned defendant.

Because the Defendant has been convicted of an offense where the Sentencing Guidelines recommend a term of incarceration (See PSR), Congress requires the Court to detain the Defendant, unless the Defendant proves, by clear and convincing evidence, that he is not likely to flee nor pose a danger to the safety to any other person or the community. 18 U.S.C. § 3143(a). Title 18, United States Code, Section 3143(a) provides:

(a) Release or detention pending sentence.—(1) Except as provided in paragraph (2), the judicial officer ***shall order*** that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person form whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, ***unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community*** if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the prison in accordance with section 3142(b) or (c).

In this matter, the Defendant cannot carry his burden of showing by clear and convincing evidence, that he is not a flight risk, and that he is not a danger to the community. The United States will argue its position in more detail at a detention hearing whenever set down before the Court.

In summary, on or about March 4, 2008, the Defendant pled guilty to charges of conspiracy to distribute controlled substances and money laundering. [Docs 12, 16.] Defendant's sentencing was originally scheduled for June 3, 2008, but was continued until December 1, 2008, after the trial of certain co-defendants in August 2008. [Doc 6, 9, 11.] Beginning in November, 2008, Defendant has been engaging in a repeated pattern of scuttling court proceedings when sentencing approached. On November 24, 2008, one week before sentencing, the Defendant fired his attorneys, Edward T.M. Garland and Donald F. Samuel. [Doc 13]. The Court granted the Defendant's motion

for withdrawal of counsel, appointing new counsel on December 5, 2008 [Doc 13], and rescheduled sentencing for March 3, 2009. [Doc 15]. Less than two weeks prior to the sentencing, on February 20, 2009, the Defendant filed a Motion to Withdraw Guilty Plea [Doc 16]. On September 23, 2009, this Court orally denied Defendant's motion. [Doc 32.] Defendant's sentencing was set for October 29, 2009. [Doc 35.] Again, less than a week before sentencing, on October 26, 2008, Defendant's counsel filed a motion to withdraw. [Doc 38.]

Defendant has engaged in manipulation of the justice system, showing a disdain for the law and this Court. He has repeatedly perjured himself before this Court. Further, as his sentencing has approached, the Defendant has become increasingly desperate. On Monday, October 26, 2009, three days before sentencing, he submitted an email to chambers, with a copy to the undersigned, with over 90 pages of attachments. Included in these attachments submitted by the Defendant himself was an electronic mail message he received from defense counsel the night before, stating: "I need to be brutally honest with you. Your erratic behavior has me a little uneasy and it is growing more erratic everyday." Defendant's submission of material such as this to the Court indicates a potential danger to the community and flight risk.

Defendant no longer has a permanent residence, and represents that he is living at a friend's apartment. According to the Probation Office, the Defendant had no

3

employment until recently when, approximately two months ago, he apparently began working for a friend. While the United States recognizes that the Defendant has appeared at every Court hearing to date, given his increasingly erratic and desperate behavior, his utter disrespect for the law, and his lack of permanent residence and only recent employment with a friend, Defendant cannot overcome his burden to show that he is not a flight risk by clear and convincing evidence.

The United States requests the Court conduct a detention hearing as soon as possible following resolution of the Defendant's representation issues, and that the Court consider detaining the Defendant until that hearing.

(continued on next page)

The Government requests leave of Court to file a supplemental motion with additional grounds should this be necessary.

Dated: this 28th day of October, 2009.

Respectfully submitted,

SALLY QUILLIAN YATES
ACTING UNITED STATES ATTORNEY


/S/RANDY S. CHARTASH
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 121760


/S/LAWRENCE R. SOMMERFELD
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 666936

600 Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, GA 30303
Telephone (404) 581-6000
Facsimile (404) 581-6181

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1B

The foregoing document was formatted in accordance with Local Rule 5.1B in Times New Roman, 14 point type.

CERTIFICATE OF SERVICE

Today I served upon the parties and counsel of record in this case a copy of the foregoing document by filing it electronically with the Electronic Case Filing system of the United States District Court for the Northern District of Georgia.

This 28th day of October, 2009.

/S/LAWRENCE R. SOMMERFELD
ASSISTANT U.S. ATTORNEY