**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER STOUFFLET, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:08-CR-0082-CC-JFK |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:12-CV-1427-CC-JFK |

**MAGISTRATE JUDGE'S FINAL**
**REPORT AND RECOMMENDATION**

Movant, Christopher Stoufflet, proceeding *pro se*, seeks via 28 U.S.C. § 2255

to challenge the constitutionality of his convictions and sentences entered in this Court

under the above criminal docket number. The matter is before the Court on the § 2255

motion, (Doc. No. 104), Respondent's response, (Doc. No. 107), and Movant's reply,

(Doc. No. 117).

**I.     Background**

Movant originally was indicted in United States v. Stoufflet, No. 1:06-cr-0337-

CC-JFK-1 (N.D. Ga. Sept. 30, 2010) (hereinafter "Stoufflet I"), and was re-charged

by information in criminal action number 1:08-cr-0082-1-CC (the criminal action in

these § 2255 proceedings) on drug conspiracy and money laundering charges. The

issue in this § 2255 action is the availability of an advice-of-counsel or good-faith

defense to the drug conspiracy charge, as related to Movant's decision to plead guilty in 1:08-cr-0082 and counsel's assistance on the decision to plead guilty. Movant contends that, although he committed the acts as charged, his actions were non-criminal because of his reliance on expert advice of counsel that his actions were legal; that he never willfully broke the law by distributing drugs in a manner that he knew was illegal;[1] and that, when he pleaded guilty, he did not think he could use an advice-of-counsel defense. (See Doc. No. 16 at 7; Doc. No. 84 at 55).

In 2006, the grand jury for the Northen District of Georgia originally indicted Movant on the following fifty-one counts: (1) conspiracy, from approximately July 2001 through December 2003, to violate the controlled substances act by, among other things, distributing and dispensing controlled substances "other than for a legitimate

---

[1] Movant essentially admits that he knowingly distributed or dispensed drugs based on internet questionnaires and without any exam, testing, or face-to-face contact between the patient and doctor, but asserts that, in reliance of the advice of expert counsel, he did not willfully do so knowing that it was illegal. (See Doc. No. 16 at 7). Although Movant has stated that he relied on the advice of expert counsel to ensure that he stayed legally compliant in his business and that he believed he was compliant, (id.), the position of Movant's business counsel has been reported in the record to include the following. In January 2002 – "We all still believe the likelihood of the fed bringing an action against you to be low - but always a possibility." Resp. of Stoufflett, Stoufflet I, ECF No. 218, Ex. 12. In June 2002 – "[T]here is a very real risk of enforcement action, up to and including criminal sanctions, against the Company and its principals for past and current on-line prescribing practices." Id., Ex. 17, June 5, 2002, letter.

2

medical purpose, and not in the course of professional practice," in violation of 21 U.S.C. § 841(a)(1), and to use a communication facility in the offense, in violation of 21 U.S.C. § 843(b), all in violation of 21 U.S.C. § 846; (2-4) unlawful distribution and dispensing of controlled substances; (5) conspiracy to launder money; (6-31) promotional money laundering; (32-48) transactional money laundering; and (49-51) misbranded drugs while held for sale after shipment in interstate commerce. Indictment, Stoufflet I.

In February 2008, the government in Stoufflet I filed a motion in limine to exclude good faith defenses (including advice of counsel, mistake of law, and erroneous belief the conduct was legal) to the drug and conspiracy charges. Mot. in Limine, Stoufflet I, ECF No. 217. The government argued that such defenses should be prohibited because they applied only to crimes requiring specific intent (to willfully perform an act knowing that it is criminal) and not to general intent crimes (performing an act that is criminal, whether or not the actor knew it was criminal), i.e., the defenses did not apply to the drug and conspiracy charges against Movant. Id. at 4-5. Movant and Andre D. Smith, M.D., a co-defendant in Stoufflet I also charged with drug conspiracy, opposed the motion in limine. Resp. of Def. Smith, Stoufflet I, ECF No. 220; Resp. of Stoufflet, Stoufflet I, ECF No. 218.

3

Thereafter, Movant decided to plead guilty, and on March 4, 2008, in criminal action number 1:08-cr-0082-1-CC (the criminal action in these § 2255 proceedings), the government filed an information charging Movant with (1) conspiracy, from approximately July 2001 through December 2003, to violate the controlled substances act by distributing and dispensing controlled substances "other than for a legitimate medical purpose, and not in the course of professional practice," in violation of 21 U.S.C. § 841(a)(1), and to engage in monetary transactions in criminally derived property, in violation of 18 U.S.C. §1957, all in violation of 21 U.S.C. § 846; and (2) transactional money laundering. (Doc. No. 1). On that same day, Movant, who was represented by Edward T. M. Garland and Donald Franklin Samuel, entered into a plea agreement with the government in which he agreed to plead guilty to both counts. (Doc. No. 5). Movant agreed that he had conspired to knowingly and intentionally distribute and dispense controlled substances "other than for a legitimate medical purpose and not in the course of professional practice, all in violation of federal law."[2] (Id.¶ 1(b)). The government agreed (1) to dismiss all counts against Movant in Stoufflet I, (2) not to bring further charges against Movant related to the charges to

---

[2]Movant agreed to an appeal waiver, which does not apply to his current claims because they attack the validity of his plea. (Doc. No. 5 ¶ 17).

AO 72A
(Rev.8/82)

which he was pleading guilty, and (3) to recommend that Movant receive an adjustment to his guidelines offense level if he continued to engage in conduct consistent with acceptance of responsibility. (Doc. No. 5 ¶¶ 1(a), 5, 6, 7).

During the March 4, 2008, guilty-plea hearing, the Court explained to Movant the rights that he was giving up by pleading guilty, including the right to go to trial and have the government prove beyond a reasonable doubt "all the essential allegations contained in Counts One and Two of [the] criminal information." (Doc. No. 12 at 9-12). Movant, under oath, stated that he understood. (Id. at 12). The Court then read to Movant the Count One charge – a conspiracy to distribute and dispense controlled substances "other than for a legitimate medical purpose and not in the course of professional practice[.]" (Id. at 13-14). The Court asked Movant if he understood the nature of the charges to which he was pleading guilty, and Movant stated that he did. (Id. at 14-15). The Court asked Movant if he had been compelled or persuaded by threat or any other form of coercion to plead guilty, and Movant stated "No, Your Honor." (Id. at 16-17). The Court asked Movant if he was pleading guilty because he had been forced to or because his attorney had talked him into pleading guilty, and Movant answered no. (Id. at 21). The Court asked Movant if he was pleading guilty

to the offenses outlined in Counts One and Two of the criminal information because he did in fact commit those offenses, and Movant answered yes. (<u>Id.</u>).

The government outlined the facts on Count One as follows. From July 2001 through December 2003, Movant conspired with others to intentionally and knowingly distribute controlled substances "other than for legitimate medical purpose and not in the course of professional practice" – he "caused the controlled substances to be distributed and dispensed without an adequate patient history or the performing of a mental or physical exam or using the appropriate . . . diagnostic or laboratory testing" and without "face-to-face contact" between the doctor and customer. (<u>Id.</u> at 25-27). Movant's counsel stated that he was in substantial agreement but added (1) that the meaning of "legitimate medical purpose and in the course of professional practice" had been a "confusing area" at the time Movant had been selling drugs based on questionnaires and without "hands on" contact between the doctor and patient but (2) that "[Movant] clearly had the intent to do the acts as set forth in the indictment." (<u>Id.</u> at 29-30). Movant stated that he was in agreement with counsel and had nothing that he wished to add. (<u>Id.</u> at 30). The Court found that Movant's plea had a factual basis, was free of any coercion, and was "voluntarily made with full knowledge of the

6

charges against him and the consequences of his plea" and accepted the plea. (Id. at 31).

On March 7, 2008, the Court in Stoufflet I decided that in charging a conspiracy under §§ 841(a)(1) and 846 the government had charged a specific intent crime – specific intent to distribute a controlled substance – and denied the government's motion in limine. Order at 2-3, Stoufflet I, ECF No. 225. On March 12, 2008 (also in Stoufflet I), the government filed a motion in limine to exclude a subjective good faith defense as to Dr. Smith. The government argued that although it must prove specific intent to distribute a controlled substance and must prove that the distribution was outside standard medical practice, it need not prove under § 841 or for the "crimes charged" that the defendant knew or believed that he was acting outside the standard medical practice – "[p]ut simply, the standard is an objective one . . . ; the standard is not subjective – the defendant's subjective good faith belief is not a defense." Government's Mot. in Limine to Exclude Subjective Good Faith Defense at 2 n.2, 3, 6, Stoufflet I, ECF No. 227. The Court granted that motion on March 17, 2008. Stoufflet I, ECF No. 233. Trial for Dr. Smith began on March 18, 2012, and, after a

mistrial, a second trial began on August 21, 2008.[3] <u>Stoufflet I</u>, ECF Nos. 233, 245, 283.

In November 2008, Mr. Samuel and Mr. Garland moved to withdraw as counsel for Movant, and the Court granted that motion and appointed Lawrence J. Zimmerman to represent Movant. (Doc. No. 13, 14). On February 20, 2009, Movant through new counsel filed a motion to withdraw his guilty plea, which motion included a claim that he had received ineffective assistance of counsel in deciding to plead guilty. (Doc. Nos. 16, 22). Movant argued that his plea was unknowing and involuntary – he pleaded guilty because of the pressure caused by the government's motion in limine and his prior counsel's deficient advice that it was highly probable that the Court would grant the government's motion in limine and that the Court could legally exclude his good-faith defense on the first four counts of the indictment in <u>Stoufflet</u> I.[4] (Doc. No. 16 at 4-6, 8). The Court held a hearing on the motion to withdraw on

---

[3]Dr. Smith pleaded guilty before the second trial came to a conclusion. <u>See</u> <u>United States v. Smith</u>, No. 1:08-cr-0337-CC (N.D. Ga. Nov. 20, 2008).

[4]In his amended motion to withdraw his guilty plea, Movant stated that counsel "advised him that his affirmative defenses could not be raised as a defense to Counts Two through Four, or Counts Forty-Nine through Fifty-One because they were general intent crimes" but that "his lawyers did believe he could raise these defenses for the remaining counts of the indictment which included conspiracy and money laundering." (Doc. No. 22 ¶ 2). This statement contradicts Movant's arguments and appears to be

8

May 20 and September 11 and 23, 2009. (Doc. Nos. 28, 31, 37). Mr. Samuel testified that he had found it difficult to determine whether the government was correct that an advice-of-counsel defense was unavailable for a conspiracy charge or a § 841 case, that research showed it was a close issue, that he was of the opinion that they could lose the motion in limine, and that he advised Movant that if he were in his shoes he would plead guilty. (Doc. No. 28 at 29-31, 39-40). Mr. Samuel also testified that there were problems with the advice-of-counsel defense. (Id. at 70). Mr. Garland testified that "the issue of whether or not we could get the evidence in of all the legal advice that [Movant] was given and upon which he did rely and whether we effectively could do that was weighed and thought about and worried about. And we ultimately advised [Movant] that the risk in this case was higher than he should take and we didn't know what the judge would rule and that [pleading guilty] was our advice." (Doc. No. 37 at 29). Mr. Garland further testified that there were "some bad facts in the advice of counsel" defense, which were considered in advising Movant. (Id. at 32). On November 18, 2009, the Court denied the motion to withdraw the guilty plea and determined that Movant had failed to show that his counsel was ineffective, show that

_____

a misstatement.

AO 72A
(Rev.8/82)

his guilty plea was unknowing or involuntary, or show that he should be allowed to withdraw his plea. (Doc. No. 48).

At his sentencing, on June 28, 2010, Movant stated, "I accept full responsibility for my actions, but at no time did I believe I was committing a crime." (Doc. No. 84 at 55). The Court sentenced Movant to a seventy-month term of imprisonment on Count Two and a sixty-month term of imprisonment on Count One, to run concurrently with the term on Count Two. (Doc. Nos. 67, 69).

Movant appealed. (Doc. No. 71). Mary Erickson represented Movant on appeal, and she filed an <u>Anders v. California</u>, 386 U.S. 738 (1967), brief indicating potentially appealable issues but recommending that they lacked merit and moved to withdraw. (See Doc. 103). Movant opposed that brief and motion, arguing, among other things, that his guilty plea was unknowing and involuntary. Resp. to Mot. to Withdraw at 6, <u>United States v. Stoufflet</u>, No. 10-13128 (11th Cir. Apr. 22, 2011). On April 22, 2011, the Eleventh Circuit Court of Appeals granted Ms. Erickson's motion and, finding no arguable issues of merit in the record, affirmed Movant's convictions and sentences. (Doc. No. 103).

Movant now brings this § 2255 motion and presents the following facts to support his ground for relief: (1) he pleaded guilty without knowing and without the

10

Court informing him that "criminal intent"[5] was an essential element of § 841 and (2) the Court refused to let him withdraw his plea after determining that "criminal intent" was an essential element of § 841. (Doc. No. 104 at 5). Movant asserts that his guilty plea was unknowing and that the Court committed error in allowing him to plead without knowing the proper intent standard. Movant states that trial counsel was ineffective for allowing him to plead guilty without obtaining clarification from the Court on the intent standard, that trial counsel was ineffective for failing to pursue a timely motion to withdraw the guilty plea, and that appellate counsel was ineffective for failing to raise the issue on appeal. (Doc. No. 104 at 5, 11 and Mem. at 2).

## II.    28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255.

---

[5]Based on Movant's arguments read as a whole, the undersigned construes his use of "criminal intent[,]" (Doc. No. 104 at 5), or "specific intent[,]" (Id., Mem. at 2), to mean an intent to willfully break the law by distributing drugs in a manner that he knew was illegal – i.e., knowing that he was unauthorized to distribute or dispense those drugs under Title 21, Chapter 13, Subchapter I. Plaintiff contends that he did not have such criminal intent.

11

Collateral relief is limited, however, and "[o]nce [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted[.]" United States v. Frady, 456 U.S. 152, 164 (1982). A "final judgment commands respect[, and] . . . a collateral challenge may not do service for an appeal." Id. at 165. Section 2255 relief is reserved for claims that allege "a lack of jurisdiction or constitutional error" or allege other "error of law" that constitutes "'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)); accord Ayuso v. United States, 361 F. App'x 988, 991 (11th Cir. 2010). On collateral review, the presumptions and the burdens change – the defendant is no longer presumed innocent, the conviction is presumed valid, and it is the petitioner's burden to establish his right to relief. See Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 68-69 (2009) (citing Herrera v. Collins, 506 U.S. 390, 399 (1993)); Mackey v. United States, 221 F. App'x 907, 910 (11th Cir. 2007) (stating that § 2255 movants have the "burden of establishing their right to relief from the judgment against them").

Because a § 2255 motion is not a substitute for direct appeal, a defendant "must assert all available claims on direct appeal[.]" Lynn v. United States, 365 F.3d 1225,

1232 (11th Cir. 2004). "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." Gilbert v. United States, 640 F.3d 1293, 1331 (11th Cir. 2011) (quoting United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000)) (internal quotation marks omitted), cert. denied, _ U.S. _, 132 S. Ct. 1001 (2012). Further, claims that a § 2255 movant could have asserted on direct appeal, but did not, generally are procedurally barred absent (1) a showing of cause for the default and actual prejudice or (2) a showing of a fundamental miscarriage of justice or actual innocence. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011), cert. denied, _ U.S. _, 2012 WL 1439805 (Oct. 1, 2012) (No. 11-9985).

"An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255). That is the case here, as shown in the discussion below.

## III. Discussion

### A. Involuntary and Unknowing Guilty Plea

On appeal, counsel filed an Anders brief in which she (1) reviewed Movant's contentions that his guilty plea was rendered unknowing and involuntary because of

13

the government's motion in limine, which he believed took away his advice-of-counsel

defense and pressured him into pleading guilty, and (2) advised the appellate court that

Movant's guilty plea was knowing and voluntary. Br. in Support of Mot. to Withdraw

at 7-14, 19-25, Stoufflet, No. 10-13128. Movant in his opposition to counsel's motion,

sought appointment of new appellate counsel and argued that his guilty plea was

unknowing and involuntary because he was not informed of the nature of the charges

against him – he did not know at the time he pleaded guilty that the government would

have to show specific intent to act with the knowledge that his conduct was unlawful.[6]

Resp. to Mot. to Withdraw at 3-4, 8-9, Stoufflet, No. 10-13128. The Eleventh Circuit

on independent review of the record found that counsel's assessment was correct,

found no issues of arguable merit, and denied Movant's motion to appoint new

appellate counsel. (Doc. No. 103).

Movant argues in his § 2255 motion that his guilty plea was unknowing and that

the Court committed error in allowing him to plead without a correct understanding of

the intent standard for Count One – a willful intent to break the law, i.e., distributing

---

[6]In making this argument, Movant interpreted the March 7, 2008, Order in
Stoufflet I as requiring the government to prove intent to break the law and allowing
a good faith defense but failed to mention the March 17, 2008, Order in Stoufflet I,
which did not allow a subjective good faith defense. See Resp. to Mot. to Withdraw
at 3-4, 8-16, Stoufflet, No. 10-13128.

14

drugs knowing that the manner of distribution was legally unauthorized. (Doc. No. 104 at 5 and Mem. at 1-2). Respondent argues that Movant has procedurally defaulted this claim and has not overcome his default. (Doc. No. 107 at 25-31). Movant replies that procedural default does not apply and that the Eleventh Circuit Court of Appeals' agreement with the Anders brief does not foreclose his claim that his guilty plea was unknowing and involuntary. (Doc. No. 117 at 5-7).

As stated above, a matter decided on direct appeal generally cannot be relitigated in a § 2255 proceeding. See Gilbert, 640 F.3d at 1331. The Eleventh Circuit has indicated that, when it has found an appeal to be meritless, an issue clearly raised in either an Anders brief or a movant's response to that brief is subject to the same limitation on collateral review. Cf. Thomas v. United States, 572 F.3d 1300, 1305 (11th Cir. 2009) (holding that an Anders dismissal did not trigger the law-of-the-case doctrine for an issue when neither party had presented "any semblance" of the issue in the Anders brief or response); see also White v. United States, 371 F.3d 900, 901-03 (7th Cir. 2004) ("[W]e do not see how a federal prisoner-who must file his motion for relief under 2255 in the very court that convicted him-can be allowed to do so if all he is doing is rehashing a claim that had been rejected on the direct appeal. . . . It makes no difference that his claim had been presented in his direct appeal in an Anders brief

15

on the basis of which we dismissed the appeal as frivolous.  Presented is presented, whether in an <u>Anders</u> brief or in any other format; and if an appeal is dismissed as frivolous, that is a binding adjudication that the claims presented in it had no merit at all, rather than an invitation to refile.").

The Eleventh Circuit Court of Appeals had before it the <u>Anders</u> brief which discussed whether Movant's guilty plea was valid and Movant's response and arguments regarding his lack of knowledge of the intent standard on the charges against him, and the Eleventh Circuit determined that the record revealed no issues of arguable merit.  The Eleventh Circuit has found meritless the claim that Movant's guilty plea was unknowing or involuntary based on his alleged misunderstanding of the intent standard, and the Court does not need to review that claim again in these proceedings.

**B.      <u>Ineffective Assistance of Counsel in Allowing Movant to Plead Guilty</u>**

Movant has asserted that counsel was ineffective for advising him to plead guilty and for allowing him to plead guilty without obtaining clarification from the Court on the intent standard required for a conviction for violating § 841.  (Doc. No. 104, Mem. at 4-8).  Respondent argues that prejudice from counsel's representation is lacking

16

because Movant's Count One sentence runs concurrently with a longer sentence, to which Movant does not take exception.[7]  (Doc. No. 107 at 2-3).

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him.  Id. at 690-92.  The court may resolve an ineffective assistance claim based on either of the above prongs.  Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000).  Under the first prong, a petitioner must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  Strickland, 466 U.S. at 690.  Under the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  The habeas petitioner has the burden of affirmatively proving

---

[7]Respondent provides no legal support for this argument.  The Court is disinclined to think that – if deficient assistance of counsel brings into doubt the validity of a conviction – counsel's deficiency is non-prejudicial simply because the sentence for the invalid conviction runs concurrently with another sentence.  This argument is not further addressed.

AO 72A
(Rev.8/82)

prejudice, and a "conceivable effect on the outcome of the proceedings" does not show prejudice. <u>Wood v. Allen</u>, 542 F.3d 1281, 1309 (11th Cir. 2008) (quoting <u>Strickland</u>, 466 U.S. at 693) (internal quotation marks omitted). The petitioner has the burden of establishing his claim by a preponderance of competent evidence. <u>Chandler v. United States</u>, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc).

The court must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" <u>Strickland</u>, 466 U.S. at 689. The petitioner must show that "no competent counsel would have taken the action that his counsel did take." <u>United States v. Freixas</u>, 332 F.3d 1314, 1319-20 (11th Cir. 2003) (internal quotation marks and citation omitted). Although counsel's "[i]gnorance of well-defined legal principles is nearly inexcusable[,]" "the rule that an attorney is not liable for an error of judgment on an unsettled proposition of law is universally recognized. . . ." <u>Smith v. Singletary</u>, 170 F.3d 1051, 1054 (11th Cir. 1999) (internal quotation marks and citation omitted). "[C]ounsel's inability to foresee future pronouncements [by the courts] . . . does not render counsel's representation ineffective. . . . Clairvoyance is not a required attribute of effective representation." <u>Id.</u> (alterations in original) (internal quotation marks omitted) (quoting <u>Cooks v. United States</u>, 461 F.2d 530, 532 (5th Cir.1972)); <u>cf.</u>

Bauder v. Dep't of Corr., 619 F.3d 1272, 1274-75 (11th Cir. 2010) (Although "attorneys are not expected to anticipate changes in the law," "[h]ere, counsel did not tell Bauder that there was a possible risk of civil commitment, or that the law was unclear as to whether it could apply to Bauder, or that he simply did not know.").

To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a petitioner must show that the advice he received from counsel "'fell below an objective standard of reasonableness'" and "'that there is a reasonable probability that, but for unprofessional counsel's errors,'" "he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985) (quoting Strickland, 466 U.S. at 687-88, 694). "[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, _ U.S. _, _, 130 S. Ct. 1473, 1485 (2010).

Federal drug law states: "Except as authorized by [Subchapter I of Title 21, Chapter 13 – 21 U.S.C. §§ 801-904], it shall be unlawful for any person knowingly or intentionally--(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]" 21 U.S.C. § 841(a). Under 21 U.S.C. § 829 and 21 C.F.R. § 1306.04(a), authorized dispensing of a

19

controlled substance requires a proper prescription – "for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice."[8] 21 C.F.R. § 1306.04(a).

There is no subjective, good-faith defense under § 841(a) for unauthorized "distributing or dispensing [of] a controlled substance" or for whether "a prescription is issued for a 'legitimate medical purpose' and in the 'usual course of professional practice.'" United States v. Tobin, 676 F.3d 1264, 1279 (11th Cir. 2012) (quoting 21 C.F.R. § 1306.04(a)), petitions for cert. filed, (July 10, Aug. 1, Sep. 17, Oct. 9, 2012) (Nos. 12-5261, 12-166, 12-6353, 12-428). "[B]ecause the mens rea under Section 841(a)(1) consists of knowledge rather than willfulness, any evidence that the defendants had a sincere belief that their distribution of controlled substances was in conformity with the law would be 'irrelevant' to the distribution counts and thus

_____

[8]A defendant in a drug case has the burden of "going forward with . . . evidence with respect to [an] exemption or exception," such as the exception in § 841(a). 21 U.S.C. § 885(a)(1). Evidence that an exception applies (that, objectively, a prescription was for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice) is distinct from evidence that a defendant had a good-faith belief (based on advice of counsel or otherwise) that an exception applies. Cf. United States v. Merrill, 513 F.3d 1293, 1306 (11th Cir. 2008) ("The appropriate focus is not on the subjective intent . . . , but rather it rests upon whether the physician prescribes medicine 'in accordance with a standard of medical practice generally recognized and accepted in the United States.'" (quoting United States v. Williams, 445 F.3d 1302, 1309 (11th Cir. 2006)).

20

inadmissible in that respect." Id. at 1280 (no citation provided). "[A] jury must determine from an *objective* standpoint whether a prescription is made in the 'usual course of professional practice.'" Id. at 1283 (no citation provided) (emphasis in original) ("[W]hether a prescription is made in the usual course of professional practice is to be determined from an objective, and not subjective, viewpoint.").

After Tobin, the same cannot be said for a drug conspiracy. "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846. The elements of a drug conspiracy are that "(1) two or more persons must come 'to a mutual understanding to try to accomplish a common and unlawful plan as charged in the indictment'; and (2) 'the defendant [must] knowingly and willfully [become] a member of such conspiracy' – 'a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.'" United States v. Lively, 803 F.2d 1124, 1129 (11th Cir. 1986) (alterations in original) (quoting jury instructions). In Tobin, the Eleventh Circuit Court of Appeals discussed the willfulness requirement for a drug conspiracy and held that because a § 846 conspiracy conviction "requires evidence of willfulness on the

part of the defendant[,]" a defendant's "subjective belief about the legality of his actions [is] relevant with respect to [a] charge of [drug] conspiracy."[9] Tobin, 676 F.3d at 1284-85 ("Given that willfulness is an element of a drug conspiracy under Section 846, it is clear that the District Court erred when it granted the government's motion in limine to exclude evidence of 'defendants' lack of knowledge regarding the illegality of the objectives of the conspiracy, or defendants' good faith belief about the legality of their conduct.'" (no citation provided)); but see United States v. Green, 779 F.2d 1313, 1318 (7th Cir. 1985) ("A conspiracy conviction under § 846 requires the existence of an agreement between two or more individuals, with the intent to commit an offense in violation of the Controlled Substance Act, . . . and [t]he mental state required for a conspiracy conviction is no greater than that necessary to commit the underlying substantive offense." (internal quotation marks and citations omitted)); United States v. Simmons, 725 F.2d 641, 643 (11th Cir. 1984) (stating that a conspiracy conviction requires the government "to prove at least the degree of criminal intent that was required for conviction of the substantive offense" and indicating that

---

[9]The Court notes that a general conspiracy under 18 U.S.C. § 371 requires an agreement to commit the proscribed act but does not otherwise require any greater degree of knowledge or intent than is required for the substantive offense. United States v. Feola, 420 U.S. 671, 687 (1975).

the government need prove no greater intent than required for the substantive defense).[10]

Although Movant pleaded guilty to a drug conspiracy under § 846, the parties in these § 2255 proceedings have focused on whether Movant was entitled to an advice-of-counsel defense under § 841(a). He was not. A defendant's reliance on legal advice and his subjective belief on whether or not his dispensing/distribution of drugs is authorized under Subchpater I is not relevant to guilt or innocence or criminal intent under § 841(a). Whether the action is dispensing cocaine on the street corner as a panacea for stomach aches or dispensing Schedule III or IV drugs to adults without a face-to-face meeting with a practitioner, if the action is not "authorized" under Subchapter I, the contrary advice of counsel or the subjective belief of the distributor that such actions are authorized is irrelevant to the intent to distribute a controlled substance. Counsel was not unreasonable in doubting that Movant could present an advice-of-counsel defense to show lack of intent under § 841(a).

_____

[10]The court in <u>Simmons</u> concluded "that the United States need not prove knowledge or intent of the accused to possess in excess of 1,000 pounds" but "need only show that the amount knowingly possessed with intent to distribute exceeded 1,000 pounds." <u>Simmons</u>, 725 F.2d at 644. The court went on to state that "[s]ince conviction of the substantive crime does not require knowledge of the amount of marijuana to be possessed, proof of the conspiracy to commit the substantive offense does not include knowledge of the amount of marijuana to be possessed." <u>Id.</u>

AO 72A
(Rev.8/82)

Because Movant pleaded guilty to a § 846 drug conspiracy to violate § 841, the Court also shall address whether counsel's advice was reasonable in regard to a § 846 conspiracy. Prior to Tobin, which was decided in 2012, it would have been reasonable for counsel to think that the principle in Feola, 420 U.S. 671, also applied to a drug conspiracy. Counsel was reasonable in doubting that Movant would be able to use an advice-of-counsel defense to show lack of intent to commit a drug conspiracy when the substantive offense under § 841(a) did not allow such a defense. See Green, 779 F.2d at 1318; Simmons, 725 F.2d at 643-44.

Further, Movant cannot show that he was prejudiced by counsel's failure to seek clarification regarding the intent standard before Movant pleaded guilty. If counsel had sought clarification before Movant pleaded guilty, the Court's orders on March 7 and 17, 2008, in Stoufflet I reflect the clarification that Movant likely would have received.[11] Those orders allowed a good faith defense in regard to specific intent to distribute a controlled substance[12] but disallowed a good faith defense to show whether

---

[11]Although the parties focus on the March 7 Order, the undersigned considers both orders as relevant to what Movant would have faced if he had pursued clarification.

[12]Specific intent to distribute a controlled substance requires distribution of a substance that a defendant knew was a controlled substance; there is no intent to distribute a controlled substance if a defendant believes that the bags he delivered

24

Defendants believed their actions complied with standard medical practice or were "authorized" under Subchapter I. Movant does not contest his knowing intent to distribute a controlled substance[13] but asserts that he *believed* that the distribution was authorized and that his actions complied with standard medical practice. If Movant had been in receipt of the Court's March 7 and 17 Orders, his position would not have been more favorable for trial than it was at the time he pleaded guilty, and there is no prejudice based on counsel's failure to seek clarification.

Additionally, it is noteworthy (1) that Movant's advice-of-counsel defense had difficulties, casting doubt on Movant's assertion of good faith, and (2) that the government dismissed all of the fifty-one count indictment in Stoufflet I in exchange for Movant's agreement to plead guilty to the two counts in 1:08-cr-0082. The undersigned is unconvinced by Movant that a "decision to reject the plea bargain would have been rational under the circumstances." Padilla,130 S. Ct. at 1485.

---

contained nothing more than another's personal effects. See United States v. Ohayon, 483 F.3d 1281, 1285, 1287 (11th Cir. 2007).

[13]As stated by Movant, "'intent to **distribute**' is not the issue, and indeed [Movant] has always agreed that he 'intended to distribute.'" (Doc. No. 117 at 3 (emphasis in original) (no citation provided)). Movant does not deny that he intended to distribute controlled substances.

AO 72A
(Rev.8/82)

**C.** **Ineffective Assistance of Counsel in Failing to File a Timely Motion to Withdraw Guilty Plea**

Movant pleaded guilty on March 4, 2008, and filed his motion to withdraw his guilty plea on February 20, 2009. (Doc. Nos. 12, 16). At the hearing on the motion to withdraw, Movant testified that he "began very early" in his attempt to rectify his mistake in pleading guilty and indicated that counsel was aware of his concerns. (Doc. No. 31 at 17-18). As stated earlier, the Court denied Movant's motion to withdraw. (Doc. No. 48). The Court found that Movant had close assistance of counsel while weighing the decision to plead and that the guilty plea was knowing and voluntary. (Id. at 20-31). The Court found that Movant's request – which came after two juries had been empaneled in March and August 2008 – would waste judicial resources and that Movant could have sought to withdraw his plea in time to face trial in either March or August 2008. (Id. at 31-33). The Court further found that the government would be prejudiced by Movant's delay in seeking to withdraw his plea. (Id. at 33-37).

Movant now contends that Counsel was ineffective for failing to file the motion to withdraw earlier. The Strickland standard again applies. A federal court may allow the withdrawal of a guilty plea for a "fair and just reason[.]" United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006) (quoting Fed. R. Crim. P. 11(d)(2)(B)) (internal

AO 72A
(Rev.8/82)

quotation marks omitted). The Court considers the totality of the circumstances, including "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Id. (quoting United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988)) (internal quotation marks omitted).

This claim fails because Movant does not show that he was prejudiced by the late filing of the motion to withdraw his guilty plea. Had Counsel filed the motion to withdraw earlier, it is not reasonably probable that the Court would have granted it. Movant's primary reason for seeking to withdraw his plea was because it was allegedly unknowing and involuntary, and the Court rejected that argument. (Doc. No. 48 at 25-31). That portion of the Court's analysis was not influenced by the timeliness of Movant's motion, and there is no reasonable probability that an earlier consideration of Movant's motion would have changed the analysis or result.

**D.     Ineffective Assistance of Appellate Counsel for Failing to Challenge Guilty Plea on Direct Appeal**

On appeal, counsel filed an Anders brief in which she (1) reviewed Movant's contentions that his guilty plea was rendered unknowing and involuntary because of

27

the government's motion in limine, which he believed took away his advice-of-counsel defense and pressured him into pleading guilty, and (2) advised the appellate court that Movant's guilty plea was knowing and voluntary and that counsel had not been ineffective.[14] Br. in Support of Mot. to Withdraw at 7-14, 19-25, Stoufflet, No. 10-13128. The Eleventh Circuit, on independent review of the record, found that counsel's assessment was correct and found no issues of arguable merit. (Doc. No. 103).

In these § 2255 proceedings, Movant argues that appellate counsel was ineffective for failing to argue that his guilty plea was unknowing and involuntary because he was uninformed of the intent element of the Count One charge against him. (Doc. No. 1, Mem. at 11).

Claims of ineffective assistance of appellate counsel are governed by the Strickland test. Owen v. Fla. Dep't of Corr., 686 F.3d 1181, 1202 (11th Cir. 2012). To succeed on a claim of ineffective assistance of appellate counsel, the movant must demonstrate deficient performance by counsel and demonstrate that, if counsel had not performed deficiently, there is a reasonable probability that the appellate outcome

---

[14]Because the Court has access to appellate counsel's Anders brief and the reasoning therein, the undersigned does not perceive anything significant that appellate counsel could add that might require a hearing.

28

would have been favorable to the movant.  See Ferrell v. Hall, 640 F.3d 1199, 1236 (11th Cir. 2011).

Although Tobin, decided after Movant's direct appeal, suggests that an argument on the intent standard for a § 846 drug conspiracy would not have been frivolous, appellate counsel was not deficient for failing to raise it for the same reason that trial counsel was not deficient, as discussed earlier.  See Smith, 170 F.3d at 1054.

## IV.    Certificate of Appealability (COA)

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

29

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

It is recommended that a COA is unwarranted because Movant is not entitled to collateral relief unless he can show that he received ineffective assistance of counsel, and, notwithstanding the fact that his underlying claim has potential merit based on Tobin, it is undebatable that counsel for Movant did not perform deficiently. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V.   <u>Conclusion</u>

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion to vacate, set aside, or correct his federal sentence, (Doc. No. 104), be **DENIED**.

AO 72A
(Rev.8/82)

**IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this 28 U.S.C. §

2255 motion to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 9th day of November,

2012.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

31