# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER STOUFFLET, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:08-CR-0082-CC-JFK |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:12-CV-1427-CC-JFK |

## ORDER

The matter is before the Court on Movant's 28 U.S.C. § 2255 motion, (Doc. No. 104); the Magistrate Judge's Final Report and Recommendation, which recommends denying and dismissing the action and denying a certificate of appealability ("COA"); (Doc. No. 118), and Movant's objections, (Doc. No. 122).

## I. Standard

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565

F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation" – it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009).

## II.   Discussion

### A.   Background

Movant originally was indicted on fifty-one counts in United States v. Stoufflet, No. 1:06-cr-0337-CC-JFK-1 (N.D. Ga. Sept. 30, 2010) (hereinafter "Stoufflet I"). In March 2008, upon Movant deciding to plead guilty in criminal action number 1:08-cr-0082-1-CC (the criminal action in these § 2255 proceedings), the government filed an information charging Movant with (1) conspiracy to violate the controlled substances

act by distributing and dispensing controlled substances "other than for a legitimate medical purpose, and not in the course of professional practice," in violation of 21 U.S.C. § 841(a)(1), and to engage in monetary transactions in criminally derived property, in violation of 21 U.S.C. § 843(b), all in violation of 21 U.S.C. § 846;[1] and (2) transactional money laundering. (Doc. No. 1). On that same day, Movant, represented by Edward T. M. Garland and Donald Franklin Samuel, entered into a plea agreement on both counts. (Doc. No. 5). The government agreed (1) to dismiss all counts against Movant in Stoufflet I, (2) not to bring further charges against Movant related to the charges to which he was pleading guilty, and (3) to recommend that Movant receive an adjustment to his guidelines offense level if he continued to engage in conduct consistent with acceptance of responsibility. (Doc. No. 5 ¶¶ 1(a), 5, 6, 7).

In November 2008, Mr. Samuel and Mr. Garland moved to withdraw as counsel for Movant, and the Court granted that motion and appointed Lawrence J. Zimmerman

---

[1] The relevant sections here are §§ 841(a)(1) and 846, which state as follows. "Except as authorized by [Subchapter I of Title 21, Chapter 13 – 21 U.S.C. §§ 801-904], it shall be unlawful for any person knowingly or intentionally--(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]" 21 U.S.C. § 841(a). "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846.

to represent Movant. (Doc. Nos. 13, 14). Through new counsel, Movant moved to withdraw his guilty plea, arguing that he had received ineffective assistance of counsel in deciding to plead guilty. (Doc. Nos. 16, 22). The Court denied that motion. (Doc. No. 48). Thereafter, the Court sentenced Movant to a seventy-month term of imprisonment on Count Two and a sixty-month term of imprisonment on Count One, to run concurrently with the term on Count Two. (Doc. Nos. 67, 69).

Movant appealed. (Doc. No. 71); United States v. Stoufflet, No. 10-13128 (11th Cir. Apr. 22, 2011) (hereinafter "Stoufflet Appeal"). Mary Erickson represented Movant on appeal, and she filed an Anders v. California, 386 U.S. 738 (1967), brief indicating potentially appealable issues but recommending that they lacked merit and moved to withdraw. (See Doc. 103). Movant opposed that brief and motion, arguing, among other things, that his guilty plea was unknowing and involuntary. Resp. to Mot. to Withdraw at 6, Stoufflet Appeal. On April 22, 2011, the Eleventh Circuit Court of Appeals granted Ms. Erickson's motion and, finding no arguable issues of merit in the record, affirmed Movant's convictions and sentences. (Doc. No. 103).

### B. The § 2255 Motion

Movant argues that (1) his guilty plea was unknowing and that the Court committed error in allowing him to plead without knowing the proper intent[2] standard, (2) trial counsel was ineffective for allowing him to plead guilty without obtaining clarification from the Court on the intent standard, (3) trial counsel was ineffective for failing to pursue a timely motion to withdraw the guilty plea, and (4) appellate counsel was ineffective for failing to raise the issue on appeal. (Doc. No. 104 at 5, 11 and Mem. at 2).

### C. The Report and Recommendation and Movant's Objections

#### 1. Ground One

As stated by the Magistrate Judge, "once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." (Doc. No. 118 at 13 (quoting Gilbert v. United States, 640 F.3d 1293,

---

[2] Movant's use of criminal or specific intent is construed to mean an intent to willfully break the law by distributing drugs in a manner that he knew was illegal, i.e., knowing that his manner of distributing and dispensing was unauthorized under Title 21, Chapter 13, Subchapter I.

5

1331 (11th Cir. 2011))). On Movant's ground attacking the validity of his guilty plea,[3] the Magistrate Judge has recommended as follows:

> The Eleventh Circuit has indicated that, when it has found an appeal to be meritless, an issue clearly raised in either an Anders brief or a movant's response to that brief is subject to the same limitation on collateral review. Cf. Thomas v. United States, 572 F.3d 1300, 1305 (11th Cir. 2009) (holding that an Anders dismissal did not trigger the law-of-the-case doctrine for an issue when neither party had presented "any semblance" of the issue in the Anders brief or response); see also White v. United States, 371 F.3d 900, 901-03 (7th Cir. 2004) ("[W]e do not see how a federal prisoner-who must file his motion for relief under 2255 in the very court that convicted him-can be allowed to do so if all he is doing is rehashing a claim that had been rejected on the direct appeal. . . . It makes no difference that his claim had been presented in his direct appeal in an Anders brief on the basis of which we dismissed the appeal as frivolous. Presented is presented, whether in an Anders brief or in any other format; and if an appeal is dismissed as frivolous, that is a binding adjudication that the claims presented in it had no merit at all, rather than an invitation to refile.").
>
> The Eleventh Circuit Court of Appeals had before it the Anders brief which discussed whether Movant's guilty plea was valid and Movant's response and arguments regarding his lack of knowledge of the intent standard on the charges against him, and the Eleventh Circuit determined that the record revealed no issues of arguable merit. The Eleventh Circuit has found meritless the claim that Movant's guilty plea

---

[3]Before the Magistrate Judge, Movant raised essentially the same argument that he raised on direct appeal – that his guilty plea was unknowing and involuntary because he did not understand at the time he pleaded guilty (1) the intent element of the crime to which he pleaded or (2) that he was entitled to a good faith defense based on his lack of intent to distribute drugs knowing that the distribution was legally unauthorized. (See Doc. No. 118 at 11 n.5, 14-15).

6

was unknowing or involuntary based on his alleged misunderstanding of the intent standard, and the Court does not need to review that claim again in these proceedings.

(Doc. No. 118 at 15-16).

In his objections, Movant does not articulate any specific objection to the Magistrate Judge's finding that the Eleventh Circuit Court of Appeals' decision made further review by this Court unnecessary. (See Doc. No. 122 at 1-2). Movant, however, asserts that United States v. Tobin, 676 F.3d 1264, 1279 (11th Cir.), cert. denied, _ U.S. _, 133 S. Ct. 658 (2012), supports his argument that his plea is invalid and that the Court was without jurisdiction to accept his guilty plea when the factual basis for the plea omitted any necessity of willfulness. (Doc. No. 122 at 6, 8).

The court in Tobin held that there is no willfulness element or subjective, good-faith defense under § 841(a) for unauthorized "distributing or dispensing [of] a controlled substance." Tobin, 676 F.3d at 1279-80 and n.6 ("In a case involving willfulness, the government must prove that 'the defendant acted with knowledge that his conduct was unlawful.'" (quoting Bryan v. United States, 524 U.S. 184, 191 (1998))). The court, however, disagreed with the district court that "the offense of conspiracy under Section 846 does not require proof of willfulness." Tobin, 676 F.3d at 1284. The court stated, "[w]e have repeatedly recognized that a conviction under

7

Section 846 requires evidence of willfulness on the part of the defendant." Id. "The crime of drug conspiracy under Section 846 includes the element that the defendant entered into an agreement with 'the purpose of achieving an unlawful objective.'" Tobin, 676 F.3d at 1284 (quoting United States v. Cardona, 650 F.2d 54, 57 (5th Cir. 1981)). "Given that willfulness is an element of a drug conspiracy under Section 846, it is clear that the District Court erred when it granted the governments motion in limine to exclude evidence of 'defendants' lack of knowledge regarding the illegality of the objectives of the conspiracy, or defendants' good faith belief about the legality of their conduct.'"[4] Tobin, 676 F.3d at 1285 (citation not provided).

Movant did not raise an argument based on Tobin (which was decided before Movant filed his § 2255 motion) before the Magistrate Judge, as Movant concedes, (Doc. No. 122 at 8 ("Movant did not assert his instant Tobin claim in his motion under 28 U.S.C. § 2255")). Notwithstanding, the Court, in its discretion, shall address Movant's argument based on Tobin. See Williams, 557 F.3d at 1290-92.

---

[4]A guilty plea is not voluntary in the constitutional sense if the defendant was "misinformed about the critical elements of the offense with which he was charged." United States v. Brown, 117 F.3d 471, 479 (11th Cir. 1997). Movant raised and argued Brown in his opposition to counsel's Anders brief. Resp. to Mot. to Withdraw at 8-9, Stoufflet Appeal.

8

To determine whether Movant's argument is foreclosed by the Eleventh Circuit's previous rejection of Movant's opposition to counsel's Anders brief on direct appeal, the Court must determine whether Tobin presents an intervening change in law. See Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012) ("[E]ven though the legal issue raised in a § 2255 motion was determined against the applicant on the merits on [direct appeal], the applicant may nevertheless be entitled to [collateral review on the legal issue] *upon showing an intervening change in the law*." (emphasis and alterations in original) (quoting Davis v. United States, 417 U.S. 333, 342 (1974)) (internal quotation marks omitted)). The Court finds that Tobin does not rise to the level of being an intervening change in law – as stated by the Eleventh Circuit in Tobin, "[w]e have repeatedly recognized that a conviction under Section 846 requires evidence of willfulness on the part of the defendant." Tobin, 676 F.3d at 1284. "An agreement [with past law] is not a disagreement" or a change. Rozier, 701 F.3d at 685. The Eleventh Circuit had that law before it when it reviewed and rejected Movant's response to the Anders brief. Notwithstanding Tobin, the Court agrees with the Magistrate Judge that further review regarding the validity of Movant's plea is not required.

AO 72A
(Rev.8/82)

### 2. **Ground Two**

The Magistrate Judge further has recommended that Movant fails to show that counsel provided ineffective assistance in allowing him to plead guilty. The Magistrate Judge has recommended that "[c]ounsel was not unreasonable in doubting that Movant could present an advice-of-counsel defense to show lack of intent under § 841(a)." (Doc. No. 118 at 23). The Magistrate Judge also found (1) that counsel's advice was reasonable in regard to a § 846 conspiracy and (2) that Movant failed to show prejudice based on counsel's failure to seek clarification regarding the intent standard before he pleaded guilty.

> Prior to Tobin, which was decided in 2012, it would have been reasonable for counsel to think that the principle in [United States v. Feola, 420 U.S. 671, 687 (1975),[5]] also applied to a drug conspiracy. Counsel was reasonable in doubting that Movant would be able to use an advice-of-counsel defense to show lack of intent to commit a drug conspiracy when the substantive offense under § 841(a) did not allow such a defense.

(Doc. No. 118 at 24). The Magistrate Judge also found that Movant had failed to show prejudice. (Id. at 24-25).

---

[5]A general conspiracy under 18 U.S.C. § 371 requires an agreement to commit the proscribed act but does not otherwise require any greater degree of knowledge or intent than is required for the substantive offense. Feola, 420 U.S. at 687.

10

In his objections, Movant argues that even if counsel's advice was reasonable it was "materially flawed" in light of Tobin, but he does not otherwise raise any concrete or specific objection to the Magistrate Judge's conclusion that Movant failed to show that counsel performed ineffectively. (Doc. No. 122 at 4). Movant does not object to the Magistrate Judge's recommendation that he failed to show prejudice, and the Court finds no clear error in that recommendation. Based on lack of prejudice, the Court overrules any objection to the Magistrate's recommendation that Movant fails to show ineffective assistance of counsel in allowing him to plead guilty. See Schone v. Purkett, 15 F.3d 785, 790 (8th Cir. 1994) (finding counsel was not ineffective based on a lack of prejudice, after assuming that counsel failed to inform defendant of elements of offense to which he pleaded guilty).

Additionally, the Court notes that counsel did not perform deficiently during the plea proceedings. The Court recognizes that the Eleventh Circuit stated in Tobin that it had "repeatedly recognized that a conviction under Section 846 requires evidence of willfulness on the part of the defendant," Tobin, 676 F.3d at 1284, and that there has been no change in that law. Notwithstanding, the law was not so clear that it could be said that "no competent counsel," United States v. Freixas, 332 F.3d 1314, 1319-20 (11th Cir. 2003) (internal quotation marks and citation omitted), would have given

11

Movant the advice that counsel during plea proceedings gave Movant regarding the uncertainty of an advice-of-counsel defense to show lack of intent to willfully commit a drug conspiracy. In fact, in the case on appeal in Tobin, the Honorable David D. Down, Jr. for the United States District Court for the Middle District of Florida had held that a conspiracy under § 846 does not require proof of willfulness or allow an advice-of-counsel defense. Order at 4-5. United States v. Tobin, No. 6:08-cr-0118-DDD, ECF No. 483; see also Tobin, 676 F.3d at 1284.

### 3. Grounds Three and Four

The Magistrate Judge has recommended that Movant's claim regarding counsel's late filing of the motion to withdraw his guilty plea fails because Movant has not shown that he was prejudiced by the late filing. (Doc. No. 118 at 27). Further the Magistrate Judge has recommended that Movant's claim of ineffective assistance by appellate counsel fails because Movant has not shown any deficiency by appellate counsel. (Id. at 29). Movant raises no clear objection to either of these recommendations. On review, the Court finds no clear error in the Magistrate Judge's recommendation on either of these matters.

### 4. COA

The Magistrate Judge has recommended that a COA is unwarranted. (Doc. No. 118 at 30). Movant objects and relies on his claim that his guilty plea is invalid, as now supported by Tobin. (Doc. No. 122 at 8). On review, the Court grants a COA on one matter – whether an issue (here, the validity of Movant's guilty plea) that has been *clearly* raised in either an Anders brief or a movant's response to that brief and that has been rejected by the appellate court is subject to the same limitation on collateral review as an issue that has been raised and rejected in a standard direct appeal. See Thomas, 572 F.3d at 1305; White, 371 F.3d at 901-03. The Court notes that review may be limited as Movant did not articulate any clear objection to the Magistrate Judge's finding that the Eleventh Circuit Court of Appeals' decision made further review by this Court unnecessary.

## III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Movant's objections are **SUSTAINED** as to the granting of a COA and otherwise **OVERRULED**, and that the Magistrate Judge's Report and Recommendation is – on all matters other than the decision on a COA – **ADOPTED** as the Order of this Court.

13

**IT IS FURTHER ORDERED** that a COA is **GRANTED** on the issue outlined above.

**IT IS SO ORDERED** this 6th day of February, 2013.

s/ CLARENCE COOPER  
CLARENCE COOPER  
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)